## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CHRISTINE ZAWACKI, on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>SWOOP, INC.,<br><br>           Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Christine Zawacki ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge.

## **NATURE OF THE ACTION**

1.      This is a class action lawsuit regarding Defendant Swoop, Inc.'s ("Swoop" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2.      Given the outbreak of the coronavirus, Defendant Swoop has cancelled all of its international flights. Swoop announced that "beginning Sunday, March 22, 2020, at 11:59 p.m., we will suspend all our international and transborder flights. This suspension follows Prime Minister Justin Trudeau's announcement imposing travel restrictions for all flights entering Canada to reduce the spread of COVID-19. The suspension will be in place until July 31, 2020." However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3.      The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt**

1

**refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier.  The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[1]  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[2]

4. Swoop is an "ultra-low fare" airline with headquarters in Canada.  Swoop has routes throughout Canada, and also carries passengers to destinations in Florida, Arizona, and Nevada, as well as to destinations in Mexico.  Swoop's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

5. Swoop suspended all flights outside Canada on March 22, 2020.

6. Plaintiff, like many other travelers, was scheduled to fly with Swoop.  Plaintiff's flights were scheduled to depart from or arrive in the United States:  a departing flight from Orlando, Florida to Edmonton, Alberta, and a return flight from Edmonton to Orlando.

7. Plaintiff's tickets were booked through Swoop.

8. Plaintiff's departing flight was cancelled by Swoop due to the coronavirus.

---

[1] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed May 8, 2020) (hereinafter "DOT NOTICE") (emphasis added).

[2] *See id*.

9. Upon discovering her departing flight was cancelled, Plaintiff attempted to request a refund from Swoop.

10. Plaintiff never received a full refund from Swoop. Plaintiff was only offered an opportunity to rebook her flight or a 24-month credit.

11. Defendant was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when Swoop cancelled her flight.

12. Defendant's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."³ The DOT Enforcement Notice applies to "U.S. and foreign airlines."⁴

13. Swoop's consumers have excoriated Swoop's refusal or failure to provide its customers with refunds. For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

April 2020 review:⁵



---

³ DOT NOTICE

⁴ *Id.*

⁵ SWOOP REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d15052990-Reviews-Swoop (last accessed May 9, 2020).

March 2020 review:[6]

March 2020 review:[7]

March 2020 review:



---

[6] SWOOP REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d15052990-Reviews-or5-Swoop.html#REVIEWS (last accessed May 9, 2020).

[7] SWOOP REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d15052990-Reviews-or10-Swoop.html#REVIEWS (last accessed May 9, 2020).

4

14. Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, and (iii) money had and received.

## PARTIES

15. Plaintiff Christine Zawacki is a citizen of the State of Florida and resides in Wimauma, Florida. Ms. Zawacki purchased tickets for herself and her husband for flights on Swoop scheduled to depart on June 13, 2020, and a returning on June 20, 2020. Ms. Zawacki's flights either departed from or were destined for the United States: a departing flight from Orlando, Florida to Edmonton, Alberta on June 13, 2020, and a return flight from Edmonton to Orlando on June 20, 2020. Ms. Zawacki booked these flights through Swoop. Ms. Zawacki paid approximately $411.02 for the round-trip tickets and fees. Ms. Zawacki's flights were cancelled by Defendant due to the coronavirus, COVID-19. Ms. Zawacki requested a refund from Defendant. Defendant did not receive a refund; instead, she was offered a rebooked flight or 24-month credit.

16. Defendant Swoop is a corporation organized under the laws of Delaware. Defendant's principal place of business is located in Calgary, Canada, specifically 22 Aerial Place NE Calgary, AB T2E 3J1 Canada. Defendant Swoop conducts substantial business throughout the United States, including in the State of Florida.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

18.     This Court has personal jurisdiction over this action because Plaintiff purchased the tickets for air travel from Defendant in this District, Defendant does substantial business in this District, Defendant intentionally availed itself of the markets in Florida by scheduling flights in and out of Florida.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following "Class":

> All persons in the United States who purchased tickets for travel on a Swoop flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

21.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

22.     Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

23.     **Numerosity.**  The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class.  Although the precise number of proposed

members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Members of the Class may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

24. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for a Swoop flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class. Further, the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

25. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

    (a)    Whether Defendant failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

    (b)    Whether Defendant is liable to Plaintiff and the Class for unjust enrichment;

    (c)    Whether Defendant unlawfully converted money from Plaintiff and members of the Class; and

    (d)    Whether Plaintiff and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

27. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Class could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

28. In the alternative, the Class may also be certified because:

   (a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

   (b) the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

  (c)  Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment

29. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

30. Plaintiff brings this claim on behalf of herself and members of the Class against Defendant.

31. Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to a significant schedule change by Swoop.

32. Defendant has knowledge of these benefits.

33. Defendant voluntarily accepted and retained these benefits. Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as associated fees).

34. Because this benefit was obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by Swoop, it would be unjust and inequitable for the Defendant to retain it without paying the value thereof.

### COUNT II
### Conversion

35. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

36. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

37. Plaintiff and members of the Class have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

38. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Class paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by Emirates Airlines.

39. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by Emirates Airlines, and in the amount of consequential damages resulting therefrom.

## COUNT III
### Breach of Contract

40. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

41. Plaintiff brings this claim on behalf of herself and members of the Class.

42. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

43. Defendant has breached these contracts by retaining Plaintiff and members of the Class' ticket prices while not providing flight services.

44. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT IV
### Money Had And Received

45. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

47. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class.

48. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class.

49. Defendant obtained roughly money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class. However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class were supposed to be passengers on.

50. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of compensatory, statutory, and punitive damages, in an amount to be determined;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 12, 2020                           Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Scott A. Bursor*
           Scott A. Bursor

Scott A. Bursor
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (925) 407-2700
Email: scott@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell (*Pro Hac Vice Forthcoming*)
Max S. Roberts (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150

              Facsimile:  (212) 989-9163
              Email: aobergfell@bursor.com
                 mroberts@bursor.com

              **BURSOR & FISHER, P.A.**
              Yeremey Krivoshey (*Pro Hac Vice Forthcoming*)
              1990 North California Blvd., Suite 940
              Walnut Creek, CA 94596
              Telephone: (925) 300-4455
              Facsimile:  (925) 407-2700
              Email: ykrivoshey@bursor.com

              *Attorneys for Plaintiffs*